IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| SCOTT FREDMAN, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>GRANITE STATE INSURANCE )<br>COMPANY, )<br>)<br>and )<br>)<br>AIG ASSURANCE COMPANY )<br>)<br>and )<br>)<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY )<br>)<br>    Defendants. ) | Cause No. |

**Serve:**

Granite State Insurance Company
c/o Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

AIG Assurance Company
c/o Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

Liberty Mutual Insurance Company
c/o Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Scott Fredman, by and through his attorney, Aaron D. Lefton, for his causes of action against the Defendants and states:

## Count I

(Breach of Contract)

### Fredman v. Granite State Insurance Company

1. Plaintiff, Scott Fredman, was, at the time of the event giving rise to this cause of action, a citizen and resident of the State of Missouri.
2. Defendant, Granite State Insurance Company (hereinafter "GSIC"), upon information and belief, is and was at all times herein relevant, a foreign insurance corporation, authorized to transact business through agents and offices in the City of St. Louis, Missouri.
3. On June 19, 2017, Plaintiff was an insured person and/or driver under a policy of automobile liability insurance issued by Defendant GSIC, upon information and belief, believed to be policy number 02CA0699679000. Said policy, among its coverages, included Underinsured Motorist coverage which obligated Defendant GSIC to pay compensatory damages to an insured person for bodily injury damages suffered in a motor vehicle accident caused by the negligent operation of an underinsured vehicle.
4. On June 19, 2017 Plaintiff was the operator of a 2005 Mack Truck which was parked along the east curb of South Broadway, facing southbound just before the intersection of South Broadway and Mott Street in the City of St. Louis.
5. On June 19, 2017 Nicholas Williams Jamison (hereinafter "Jamison") was traveling southbound on South Broadway approaching Mott Street in the City of St. Louis.
6. It was the duty of the tortfeasor before and at the time of the occurrence to exercise the highest degree of care for the safety of Plaintiff.
7. At said time and place, Jamison breached that duty of care and was negligent in failing to exercise the highest degree of care when he operated his vehicle in a careless and negligent manner when he took his eyes off the road and glanced down at his phone, causing his vehicle to collide with the vehicle occupied by the Plaintiff in the City of St. Louis. In so doing, Jamison:

a. Defendant failed to maintain a proper lookout to the front so as to discover Plaintiff's stopped vehicle.

b. Defendant failed to keep his vehicle under such control that he could have stopped, swerved, slowed down, or swerved to avoid a collision.

c. Defendant was traveling too fast for conditions existing.

d. Defendant was distracted and/or inattentive.

e. Defendant failed to use the highest degree of care in operating his vehicle so as to discover Plaintiff's stopped vehicle.

f. Defendant failed sound a warning of his approach.

8. As a direct and proximate result of Jamison's aforementioned negligence, Plaintiff suffered damages that were personal, pecuniary, and permanent arising out of injuries to his neck, hands, and left leg, and all anatomical component structures thereof, including but not limited to, structural disc injuries at C3-4, C4-4, C5-6, and C6-7. Plaintiff has incurred reasonable and necessary expenses for the treatment of said injuries in the approximate sum of Forty-Two Thousand Dollars ($42,000.00) to date and will continue to incur such damages in the future in an amount in excess of $300,000.00 which represents Plaintiff's surgeons cost estimate for the recommended surgeries. Upon information and belief, Plaintiff will be further damaged in his ability to wok and earn income.

9. On June 19, 2017 Jamison's liability was insured by Shelter Insurance Company under a policy of automobile liability insurance having a $50,000.00 limit for bodily injury.

10. On June 19, 2017 Jamison was the operator of an "underinsured motor vehicle" as said term is defined in Defendant's policy which is in the Defendant's possession and is incorporated herein by reference.

Electronically Filed - City of St. Louis - June 15, 2022 - 04:37 PM

11. On or about January 15, 2020, Shelter insurance paid Jamison's $50,000.00 liability limit to Plaintiff in settlement of Plaintiff's claim against Jamison, thereby exhausting any and all available liability insurance for Jamison.
12. As Plaintiff continued to treat for his injuries, records and bills evidencing that treatment was forwarded to GSIC.
13. On March 31, 2022, Plaintiff's doctor recommended a multilevel cercal disc procedure and provided a cost estimate of over $300,000.00.
14. On April 7, 2022, a copy of the doctor's report was furnished via e-mail to GSIC with a settlement demand of ONE MILLION DOLLARS ($1,000,000.00) for Underinsured Motorist benefits under policy number 02CA0699679000. All of the Plaintiff's medical records and bills associated with the injuries and damages he sustained as a result of the June 19, 2017 motor vehicle collision had been provided to GSIC.
15. Proof of Shelter Insurance's $50,000.00 policy limits had been provided to GSIC on February 27, 2020 and GSIC had previously provided approval to the Plaintiff to settle for Shelter Insurance's policy limits of $50,000.00 on January 10, 2020.

WHEREFORE, Plaintiff prays for judgment against Defendant GSIC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and any such further relief deemed appropriate by this Court.

### Count II
(Vexatious Refusal)

**Fredman v. Granite State Insurance Company**

16. Plaintiff, Scott Fredman, re-alleges paragraphs 1-15 of Count I of his Petition for Damages.
17. Plaintiff has complied with all conditions precedent to the assertion of his Underinsured Motorist Claim, but GSIC has unreasonably, unjustifiably, and vexatiously refused to acknowledge Plaintiff's demand, respond to the Plaintiff's

phone calls, or respond to the Plaintiff's e-mails, all in violation of §375.1007(2) and (4) RSMo and 20 CSR 100-1.030 and 100-1.050.

WHEREFORE, Plaintiff prays for judgment against Defendant GSIC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with appropriate penalties, interest, cost and reasonable attorney's fees, pursuant to §375.296 RSMo and §375.420 RSMo and any such further relief deemed appropriate by this Court.

### Count III

(Breach of Contract)

**Fredman v. AIG Assurance Company**

18. Plaintiff was, at the time of the event giving rise to this cause of action, a citizen and resident of the State of Missouri.
19. Defendant, AIG Assurance Company (hereinafter "AIG"), upon information and belief, is and was at all times herein relevant, a foreign insurance corporation, authorized to transact business through agents and offices in the City of St. Louis, Missouri.
20. Upon information and belief, GSIC is member company of AIG.
21. On June 19, 2017, Plaintiff was an insured person and/or driver under a policy of automobile liability insurance issued by Defendant GSIC, a member company of AIG, upon information and belief, believed to be policy number 02CA0699679000. Said policy, among its coverages, included Underinsured Motorist coverage which obligated Defendant GSIC, a member company of AIG, to pay compensatory damages to an insured person for bodily injury damages suffered in a motor vehicle accident caused by the negligent operation of an underinsured vehicle.
22. On June 19, 2017 Plaintiff was the operator of a 2005 Mack Truck which was parked along the east curb of South Broadway, facing southbound just before the intersection of South Broadway and Mott Street in the City of St. Louis.
23. On June 19, 2017 Nicholas Williams Jamison (hereinafter "Jamison") was traveling southbound on South Broadway approaching Mott Street in the City of St. Louis.

24. It was the duty of the tortfeasor before and at the time of the occurrence to exercise the highest degree of care for the safety of Plaintiff.

25. At said time and place, Jamison breached that duty of care and was negligent in failing to exercise the highest degree of care when he operated his vehicle in a careless and negligent manner when he took his eyes off the road and glanced down at his phone, causing his vehicle to collide with the vehicle occupied by the Plaintiff in the City of St. Louis. In so doing, Jamison:

   a. Defendant failed to maintain a proper lookout to the front so as to discover Plaintiff's stopped vehicle.

   b. Defendant failed to keep his vehicle under such control that he could have stopped, swerved, slowed down, or swerved to avoid a collision.

   c. Defendant was traveling too fast for conditions existing.

   d. Defendant was distracted and/or inattentive.

   e. Defendant failed to use the highest degree of care in operating his vehicle so as to discover Plaintiff's stopped vehicle.

   f. Defendant failed sound a warning of his approach.

26. As a direct and proximate result of Jamison's aforementioned negligence, Plaintiff suffered damages that were personal, pecuniary, and permanent arising out of injuries to his neck, hands, and left leg, and all anatomical component structures thereof, including but not limited to, structural disc injuries at C3-4, C4-4, C5-6, and C6-7. Plaintiff has incurred reasonable and necessary expenses for the treatment of said injuries in the approximate sum of Forty-Two Thousand Dollars ($42,000.00) to date and will continue to incur such damages in the future in an amount in excess of $300,000.00 which represents Plaintiff's surgeons cost estimate for the recommended surgeries. Upon information and belief, Plaintiff will be further damaged in his ability to wok and earn income.

27. On June 19, 2017 Jamison's liability was insured by Shelter Insurance Company under a policy of automobile liability insurance having a $50,000.00 limit for bodily injury.

28. On June 19, 2017 Jamison was the operator of an "underinsured motor vehicle" as said term is defined in Defendant's policy which is in the Defendant's possession and is incorporated herein by reference.

29. On or about January 15, 2020, Shelter insurance paid Jamison's $50,000.00 liability limit to Plaintiff in settlement of Plaintiff's claim against Jamison, thereby exhausting any and all available liability insurance for Jamison.

30. As Plaintiff continued to treat for his injuries, records and bills evidencing that treatment was forwarded to GSIC, a member company of AIG.

31. On March 31, 2022, Plaintiff's doctor recommended a multilevel cercal disc procedure and provided a cost estimate of over $300,000.00.

32. On April 7, 2022, a copy of the doctor's report was furnished via e-mail to GSIC, a member company of AIG, with a settlement demand of ONE MILLION DOLLARS ($1,000,000.00) for Underinsured Motorist benefits under policy number 02CA0699679000. All of the Plaintiff's medical records and bills associated with the injuries and damages he sustained as a result of the June 19, 2017 motor vehicle collision had been provided to GSIC, a member company of AIG.

33. Proof of Shelter Insurance's $50,000.00 policy limits had been provided to GSIC, a member company of AIG, on February 27, 2020 and GSIC had previously provided approval to the Plaintiff to settle for Shelter Insurance's policy limits of $50,000.00 on January 10, 2020.

WHEREFORE, Plaintiff prays for judgment against Defendant AIG in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and any such further relief deemed appropriate by this Court.

### Count IV
(Vexatious refusal)
**Fredman v. AIG Assurance Company**

34. Plaintiff, Scott Fredman, re-alleges paragraphs 18-33 of Count III of his Petition for Damages.
35. Plaintiff has complied with all conditions precedent to the assertion of his Underinsured Motorist Claim, but AIG has unreasonably, unjustifiably, and vexatiously refused to acknowledge Plaintiff's demand, respond to the Plaintiff's phone calls, or respond to the Plaintiff's e-mails, all in violation of §375.1007(2) and (4) RSMo and 20 CSR 100-1.030 and 100-1.050.

WHEREFORE, Plaintiff prays for judgment against Defendant AIG in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with appropriate penalties, interest, cost and reasonable attorney's fees, pursuant to §375.296 RSMo and §375.420 RSMo and any such further relief deemed appropriate by this Court.

### Count V
(Breach of Contract)

**Fredman v. Liberty Mutual Insurance Company**

36. Plaintiff, Scott Fredman, was, at the time of the event giving rise to this cause of action, a citizen and resident of the State of Missouri.
37. Defendant, Liberty Mutual Insurance Company (hereinafter "LMIC"), upon information and belief, is and was at all times herein relevant, a foreign insurance corporation, authorized to transact business through agents and offices in the City of St. Louis, Missouri.
38. On June 19, 2017, Plaintiff was an insured person and/or driver under a policy of automobile liability insurance issued by Defendant LMIC, upon information and belief, believed to be policy number 02-248-310280-4019. Said policy, among its coverages, included Underinsured Motorist coverage which obligated Defendant LMIC, to pay compensatory damages to an insured person for bodily injury damages suffered in a motor vehicle accident caused by the negligent operation of an underinsured vehicle.

39. On June 19, 2017 Plaintiff was the operator of a 2005 Mack Truck which was parked along the east curb of South Broadway, facing southbound just before the intersection of South Broadway and Mott Street in the City of St. Louis.

40. On June 19, 2017 Nicholas Williams Jamison (hereinafter "Jamison") was traveling southbound on South Broadway approaching Mott Street in the City of St. Louis.

41. At said time and place, Jamison operated his vehicle in a careless and negligent manner when he took his eyes off the road and glanced down at his phone, causing his vehicle to collide with the vehicle occupied by the Plaintiff in the City of St. Louis. In so doing, Jamison:

   a. Defendant failed to maintain a proper lookout to the front so as to discover Plaintiff's stopped vehicle.

   b. Defendant failed to keep his vehicle under such control that he could have stopped, swerved, slowed down, or swerved to avoid a collision.

   c. Defendant was traveling too fast for conditions existing.

   d. Defendant was distracted and/or inattentive.

   e. Defendant failed to use the highest degree of care in operating his vehicle so as to discover Plaintiff's stopped vehicle.

   f. Defendant failed sound a warning of his approach.

42. As a direct and proximate result of Jamison's aforementioned negligence, Plaintiff suffered damages that were personal, pecuniary, and permanent arising out of injuries to his neck, hands, and left leg, and all anatomical component structures thereof, including but not limited to, structural disc injuries at C3-4, C4-4, C5-6, and C6-7. Plaintiff has incurred reasonable and necessary expenses for the treatment of said injuries in the approximate sum of Forty-Two Thousand Dollars ($42,000.00) to date and will continue to incur such damages in the future in an amount in excess of $300,000.00 which represents Plaintiff's surgeons cost estimate for the recommended

surgeries. Upon information and belief, Plaintiff will be further damaged in his ability to wok and earn income.

43. On June 19, 2017 Jamison's liability was insured by Shelter Insurance Company under a policy of automobile liability insurance having a $50,000.00 limit for bodily injury.

44. On June 19, 2017 Jamison was the operator of an "underinsured motor vehicle" as said term is defined in Defendant's policy which is in the Defendant's possession and is incorporated herein by reference.

45. On or about January 15, 2020, Shelter insurance paid Jamison's $50,000.00 liability limit to Plaintiff in settlement of Plaintiff's claim against Jamison, thereby exhausting any and all available liability insurance for Jamison.

46. As Plaintiff continued to treat for his injuries, records and bills evidencing that treatment was forwarded to LMIC.

47. On March 31, 2022, Plaintiff's doctor recommended a multilevel cercal disc procedure and provided a cost estimate of over $300,000.00.

48. Upon information and belief, Defendant LMIC's Underinsured motorist coverage is to be effective in excess of the covereages provided by Defendants GSIC and AIG.

49. Plaintiff has complied with all conditions precedent to the assertion of his Underinsured Motorist Claim.

WHEREFORE, Plaintiff prays for judgment against Defendant LMIC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and any such further relief deemed appropriate by this Court.

Respectfully submitted,
Law Offices of Jerome LT Lefton,

_____
Aaron D. Lefton #54104
1015 Locust Street, Suite 808
St. Louis, MO 63101
(314) 231-1166 Telephone
(314) 231-5852 Facsimile
ADLESQ@sbcglobal.net

Electronically Filed - City of St. Louis - June 15, 2022 - 04:37 PM