UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT FREDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:23-CV-340 RHH |
| | ) |
| GRANITE STATE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand to State Court, filed May 22, 2023. (ECF No. 18). Defendants have filed responses in opposition to the motion. (ECF Nos. 20, 21). This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). (ECF No. 26).

### I.     Background

On or about June 15, 2022, Plaintiff Scott Fredman filed a Petition for Damages in the Circuit Court of St. Louis City, State of Missouri, alleging claims for breach of contract and vexatious refusal to pay against Defendants Granite State Insurance Company ("Granite State"), AIG Assurance Company ("AIG"), and Liberty Mutual Fire Insurance Company ("Liberty Mutual")[1]. (ECF No. 5).[2] Defendants were each served with the Petition on February 16, 2023. (ECF No. 11).

---

[1] Liberty Mutual Fire Insurance Company was improperly named in the Petition as Liberty Mutual Insurance Company. (ECF No. 3).
[2] Plaintiff does not include a claim for vexatious refusal to pay against Defendant Liberty Mutual.

1

On March 17, 2023, Defendant Granite State removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). Granite State did not indicate in its Notice of Removal whether any other Defendants consented to the removal. (*Id.*). Liberty Mutual filed its Consent to Removal that same day, however. (ECF No. 3).

On May 22, 2023, Plaintiff filed the instant Motion for Remand, arguing that because all properly served Defendants had not consented to removal, the matter must be remanded. (ECF No. 18). On June 6, 2023, Defendants filed responses in opposition to Plaintiff's motion, in which they asserted Plaintiff's Motion for Remand was untimely filed. (ECF Nos. 20, 21).

## II.     Standard of Review

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). Furthermore, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "In short, a defendant must file a notice of removal within 30 days of one of the statute's triggering events." *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013) (per curiam).

In cases with multiple defendants, for removal to be effective "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186–87 (8th Cir. 2015) (referring to this requirement as the rule of unanimity). Each defendant has

thirty days after service to file a notice of removal.  28 U.S.C. § 1446(b)(2)(B).  If defendants are served at different times, an earlier-served defendant may consent to timely removal by a later-served defendant.  28 U.S.C. § 1446(b)(2)(C).  Section 1446 does not specify the time frame within which an earlier-served defendant may consent to removal.  *See Id.*

Following removal, a plaintiff seeking to remand the case to state court must move to remand within thirty days "on the basis of any defect other than lack of subject matter jurisdiction."  28 U.S.C. § 1447(c).  The proponent of removal has the burden of establishing removal is proper.  *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

### III.   Discussion

Defendant Granite State removed this case on the grounds that it satisfies the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332, namely an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  Plaintiff does not dispute that there is complete diversity or that the amount in controversy is satisfied; rather, Plaintiff asserts the Court lacks jurisdiction because Defendant AIG failed to consent to the removal.  Defendants respond that Plaintiff's Motion for Remand must be denied because it was not timely filed.

As noted above, following removal a plaintiff must move to remand within thirty days "on the basis of any defect other than lack of subject matter jurisdiction."  28 U.S.C. § 1447(c).  "[F]ailure of all defendants to join in, or consent to, removal is a procedural defect rather than a jurisdictional one[.]"  *Webster v. Mair*, No. 4:12-CV-1521 CAS, 2012 WL 5398817, at *3 (E.D. Mo. Nov. 2, 2012).[3]  Therefore, an objection to the lack of consent to removal may be waived if

---

[3] "An irregularity in removal of a case to federal court is to be considered jurisdictional only if the case could not initially have been filed in federal court."  *Perkins v. Beltway Capital, LLC*, 773 F.Supp.2d 553, 556 (E.D. Pa. 2011) (internal quotation marks and citations omitted).

3

not timely filed. *See, e.g., Hayes v. US Bank*, No. 12-1190-CV-W-HFS, 2013 WL 121267, at *2 (W.D. Mo. Jan. 9, 2013); *Amteco, Inc. v. BWAY Corp.*, 241 F.Supp2d 1028, 1030 (E.D. Mo. 2003) (citation omitted) ("The requirement that all defendants join is procedural, and may be waived if a party does not timely seek remand."); *Perkins*, 773 F.Supp.2d at 556 (internal quotation marks and citations omitted) ("Objections to non-jurisdictional defects may be waived if not raised within 30 days after the filing of the notice of removal.").

In the instant case, the Notice of Removal was filed on March 17, 2023, and thus Plaintiff had until Monday, April 17, 2023, in which to file a motion to remand based on a procedural defect. The instant Motion for Remand was not filed until May 22, 2023. The Court thus finds that Plaintiff's motion was untimely, and Plaintiff waived his right to request remand based on this procedural defect. Accordingly, Plaintiff's Motion for Remand will be denied. *See Perkins*, 773 F.Supp.2d at 556-57 (denying motion to remand based on lack of consent to removal filed thirty-nine days after notice of removal, stating, "Since Plaintiff did not file the Motion to Remand within 30 days after the filing of the Notice of Removal, Plaintiff has waived the right to challenge procedural defects in the removal process.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand to State Court (ECF No. 18) is **DENIED**.

Dated this 21st day of July, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

4